FILED
SCRANTON

SEP 23 2011

PER /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GYLA BAILEY-BUMP, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:CV-10-2324 |
| | : | |
| v. | : | |
| | : | (Judge Nealon) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | (Magistrate Judge Blewitt) |
| Defendant | : | |

### MEMORANDUM and ORDER

On November 10, 2010, Plaintiff, Gyla Bailey-Bump, filed a complaint seeking review of the Commissioner of Social Security Administration's decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). A Report was issued by United States Magistrate Judge Thomas M. Blewitt on August 15, 2011, recommending that Plaintiff's appeal be denied. (Doc. 14). Objections to the Report and Recommendation ("R&R") were due on or before September 1, 2011, but no objections have been filed. After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

### Discussion

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or

manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the appeal be denied. Plaintiff applied for DIB and SSI in September 2008 alleging disability since August 28, 2008 due to severe mental impairments. (Doc. 14, pg. 2; TR. 70-83). The Magistrate Judge determined that there is substantial evidence supporting the ALJ's decision. (Doc. 14). The Magistrate Judge reviewed the ALJ's discussion of the five-step sequential evaluation process.[1] (Doc.14, pgs. 4-6). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity at any time since her alleged disability onset date, August 28, 2008. (Doc. 14, pg. 4; TR. 15). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of major depressive disorder and psychotic disorder. (TR. 16). The ALJ then determined, at step three, that Plaintiff's impairments did not meet or equal any of the listing requirements. (TR. 16). At steps four and five, the ALJ found that Plaintiff is

---

[1] The steps in the process are as follows:

(1) Is the individual engaging in substantial gainful activity?
(2) Does the individual have a severe impairment?
(3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1?
(4) Does the individual retain the residual functional capacity ("RFC") to engage in her past relevant work? and
(5) If an individual does not have the capacity to engage in his/her past work, does she retain the capacity to perform jobs which exist in significant numbers in the national economy?

See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

not capable of performing her past relevant work but retains the residual functional capacity to perform a full range of work at all levels of exertion with some non-exertional limitations. (Doc. 14, pg. 5; TR. 16-19). Thus, Plaintiff was found to be not disabled. (Doc. 14, pg. 5; TR. 19-20).

Having received no objections, the Report and Recommendation will be adopted. An appropriate order follows.

**Date:** September 23, 2011

                                               **United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GYLA BAILEY-BUMP, | : | |
|     Plaintiff | : | CIVIL ACTION NO. 3:CV-10-2324 |
| | : | |
| v. | : | |
| | : | (Judge Nealon) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | (Magistrate Judge Blewitt) |
|     Defendant | : | |

## ORDER

**AND NOW**, this 23rd day of September, 2011, **IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's Report and Recommendation (Doc. 14) is **ADOPTED**.

2. Plaintiff's appeal is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case.

_____
**United States District Judge**